967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis SCAGLIONE; Emilie Antelline, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-15568.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 12, 1992.
Submission Deferred May 15, 1992.
Resubmitted May 26, 1992.
Decided June 8, 1992.
 
 1
 Before REINHARDT and KOZINSKI, Circuit Judges, and EZRA,*
 
 
 2
 MEMORANDUM**
 
 
 3
 A. Plaintiffs allege that an employee of the Farmers Home Administration orally agreed to two limitations on the May 5, 1978, loans to the Salinas brothers: (1) Plaintiffs' deed of trust would be security for the loans for only one year; and (2) all crop proceeds received from the Salinas brothers would be used to reduce the balance owed on the loans. FmHA regulations provide for the application of loan proceeds and the holding of collateral. See 7 C.F.R. Parts 1951, 1965. The FmHA employee had no authority to bind the government to terms other than those contained in the regulations, deed of trust and promissory notes. See Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947). The district court thus correctly rejected plaintiffs' contrary argument.
 
 
 4
 B. The deed of trust is not collateral for the five loans made subsequent to May 5, 1978--and the United States has disavowed any claim to the contrary. As these loans are not secured by the deed, there is no controversy to resolve concerning them.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The Honorable David A. Ezra, United States District Judge, District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3